## CAJIGAS *v.* SUCESIÓN PRATS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 19.—Resuelto en febrero 12, 1904.

CONTRATOS—OBLIGACIONES—PARTES CONTRATANTES.—Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse a tenor de los mismos.

ID.—EXIGIBILIDAD DE LAS OBLIGACIONES.—Las obligaciones que tienen plazo fijo para su cumplimiento, son exigibles desde el momento en que transcurriere aquél.

ID.—CUMPLIMIENTO DE LAS OBLIGACIONES—MOROSIDAD—INDEMNIZACIÓN—INTERESES.—Los que en el cumplimiento de las obligaciones incurran en morosidad, vienen obligados a indemnizar daños y perjuicios y esa indemnización consis-

tirá en el pago de intereses convenidos, o a falta de convenio, en el interés, legal, en los casos en que la obligación consista en el pago de una cantidad determinada.

HEREDEROS—ACREEDORES.—Los herederos suceden al difunto en todos sus derechos y acciones y los acreedores de éste pueden dirigir sus reclamaciones contra cualquiera de aquéllos.

PARTES—PRUEBA DE CONFESIÓN.—Citada una parte a confesión por dos veces, sin haber comparecido, ni alegar justa causa, es procedente declararla confesa.

COSTAS.—Las costas deben imponerse al litigante cuyas pretensiones se desestimen totalmente.

LEGATARIOS—HEREDEROS—JUICIO VOLUNTARIO DE TESTAMENTARÍA—LIQUIDACIÓN DEL CAUDAL RELICTO.—Los legatarios de parte alícuota del caudal no son *parte obligada* en los juicios que se promuevan por los acreedores del finado, pues no tienen la representación de éste, que compete exclusivamente a los herederos, sin perjuicio del derecho de los legatarios para promover el juicio voluntario de testamentaría e intervenir en la liquidación del caudal relicto. (*)

APELACIÓN—SUBSANACIÓN DE FALTAS.—Las faltas cuya subsanación no se hubiere solicitado oportunamente, se estimarán consentidas y no pueden constituir motivo de revocación de la sentencia apelada.

EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal de Distrito de Mayagüez en cobro de pesos, entre partes, de la una Don José Cajigas, como demandante, representado por su abogado defensor Don Francisco Pelegrí, y de la otra, como demandada, la Sucesión de Don Rosendo Prats Freixas, que la componen su viuda, Doña Rosa Vidal; su hija, Doña Esperanza Prats; los menores, Doña Isabel, Doña Elena y D. Jaime, hijos de D. Rosendo Prats y Padilla, a quienes representa su madre, Doña Celeste Jaquot; y los hijos naturales reconocidos, D. Francisco y D. Eugenio Prats, representados y defendidos, los primeros por su abogado defensor, D. Luis Campillo y Abrahams, habiendo sido declarados los dos últimos en rebeldía; autos que penden ante nos a virtud del recurso de casación por quebrantamiento de forma, hoy de apelación, interpuesto por la representación de los demandados, Doña Rosa Vidal, Doña Esperanza Prats y Doña Celeste Jaquot, y por Doña Ofelia López, contra la

300

sentencia dictada por dicho Tribunal de Distrito, en 31 de julio de 1901, que transcrita a la letra dice así:

"*Sentencia.* En la ciudad de Mayagüez a 31 de julio de 1901, los señores Don Arturo Aponte y Rodríguez, juez presidente; Mr. James E. Erwin, asociado, y Don Luis Méndez Vaz, suplente, que componen el tribunal de distrito de la misma.

"*Visto* ante el tribunal de distrito este pleito seguido entre partes de una el Licenciado Don Juan Vázquez y posteriormente el Letrado Don Francisco Pelegrí en representación de Don José Cajigas, de este domicilio, profesión industrial, como demandante; y de la otra el Licenciado Don Luis Campillo en representación de Doña Rosa Vidal, Doña Esperanza Prats y Doña Celeste Jaquot, viuda de Prats, y en su carácter de representante de sus menores hijos legítimos, las (*) dos primeras de este vecindario y la tercera vecina de San Germán, como demandadas, en cobro de pesos.

"*Resultando:* que el 12 de julio de 1900 el Letrado Don Juan Vázquez en representación de Don José Cajigas presentó escrito solicitando embargo preventivo contra los bienes de la sucesión de Don Rosendo Prats, el cual previa prestación de fianza hipotecaria fué despachada de cuenta y riesgo del acreedor, el 16 del mismo mes y año, llevándose a cabo el mismo día en varios bienes inmuebles de la sucesión demandada.

"*Resultando:* que el propio letrado presentó demanda el primero de agosto de mil novecientos, en el correspondiente juicio declarativo, interesando se condenase a la sucesión demandada al pago de 4,581 pesos, intereses y costas, suplicando a la vez se ratificase el embargo preventivo a que se refiere el resultando anterior.

"*Resultando:* que conferido traslado a los demandados se personó el Letrado Don Luis Campillo en representación de Doña Rosa Vidal, Doña Esperanza Prats y Doña Celeste Jaquot en representación de sus menores hijos, solicitando se les absolviese de la demanda con la imposición de las costas al demandante en atención a no haber sido citados Doña Ofelia y Amelia López legatarias de parte alícuota del caudal relicto.

"*Resultando:* que habiéndose emplazado por edictos y por dos veces consecutivas a los herederos Don Francisco y Eugenio Prats, cuyo domicilio se ignora, no se personaron a su debido tiempo por cuya causa se les declaró a petición del *demandado,* en rebeldía.

"*Resultando:* que abierto el juicio a prueba se señaló para la

comparecencia que determina la ley el 18 de mayo del año en curso, a cuyo acto concurrieron los representantes de las partes y propusieron la que creyeron conveniente a los intereses de sus representados; las que fueron declaradas pertinentes y se mandaron practicar con citación de la parte contraria señalándose para el día del juicio oral el 14 de junio último.

"*Resultando:* que en el momento del juicio oral la representación de los demandados dedujo artículo incidental de previo y especial pronunciamiento, solicitando la nulidad de lo actuado en atención a no haber sido citados los legatarios a que se ha aludido anteriormente, el cual fué declarado sin lugar por auto motivado del tribunal.

"*Resultando:* que no habiendo concurrido los demandados a reconocer (*) en el momento del juicio oral la legitimidad de las firmas que obran al pie de los documentos, así como la autenticidad de los vales y certeza de la deuda, el actor solicitó se suspendiese el juicio y se citase nuevamente a los herederos bajo apercibimiento de ser declarados confesos, accediendo el Tribunal a esta petición y suspendiéndose en su consecuencia el juicio.

"*Resultando:* que señalado nuevamente el juicio para el 20 del corriente, tampoco comparecieron los demandados al reconocimiento que se interesaba en cuya virtud el actor solicitó se les declarara confesos, siendo examinado seguidamente el perito Don Alejandro Díaz, el cual dictaminó que la firma que autoriza los vales que motivan esta reclamación, cotejada con otras indubitadas, era la misma que usaba Don Rosendo Prats causante de los demandados.

"*Resultando:* que señalado día para la votación de la sentencia tuvo ésta lugar en el día de hoy y hora señalada, la cual fué votada por unanimidad.

"*Resultando:* que en este juicio se han guardado las reglas del procedimiento.

"*Vistos,* siendo juez instructor Don Luis Méndez Vaz, y

"*Considerando:* que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse a tenor de los mismos.

"*Considerando:* que las obligaciones que tienen señalado día fijo son exigibles desde que el día llega.

"*Considerando:* que vienen obligados a indemnizar los que en el cumplimiento de las obligaciones incurren en morosidad y que cuando la obligación consiste en el pago de una cantidad, la indemnización

de daños y perjuicios consistirá en el pago del interés convenido y a falta de éste el interés legal.

"*Considerando:* que los herederos suceden al difunto en todos sus derechos y acciones y que los acreedores de aquél pueden dirigir sus reclamaciones contra cualquiera de ellos.

"*Considerando:* que citada a confesión una de las partes por dos veces consecutivas sin que comparezca ni alegue justa causa, es procedente declararla confesa.

"*Considerando:* que la prueba pericial queda su apreciación al arbitrio del tribunal y en el caso presente es pertinente apreciarla favorablemente al actor.

"*Considerando:* que el litigante cuyas pretensiones sean totalmente desestimadas debe ser condenado en costas.(*)

"*Vistos.* los artículos 661, 1084, 1089, 1091, 1101, 1108, 1125 y demás de aplicación del Código Civil, 592, 609 y siguientes de la Ley de Enjuiciamiento Civil y la Orden General número 118.

"*Fallamos:* que debemos declarar y declaramos con lugar la presente demanda y en su consecuencia condenamos a los demandados al pago de la cantidad reclamada, sus intereses legales desde la interposición de la demanda y las costas de este juicio.

"Así por ésta nuestra sentencia, definitivamente juzgando lo pronunciamos, mandamos y firmamos: Arturo Aponte, J. A. Erwin, Luis Méndez Vaz."

*Resultando:* que contra esta sentencia interpuso la representación de Doña Rosa Vidal, Doña Esperanza Prats y su esposo, Don Miguel Casanova; Doña Celeste Jaquot, en representación de sus hijos menores, y de Doña Ofelia López, recurso de casación por quebrantamiento de forma, como comprendido en los casos 1 y 4 del artículo 1691 de la ley de Enjuiciamiento Civil, por no haber sido emplazadas Doña Amelia y Doña Ofelia López para contestar la demanda, como debieron serlo por formar parte de la sucesión de Don Rosendo Prats, como legatario de parte alícuota del caudal, por no haber notificado en Estrados a los rebeldes, Don Francisco y Don Eugenio Prats, el auto del folio 102 vuelto, convocando a las partes para la promoción de pruebas, ni el del folio 108 vuelto y por no habérseles citado para la práctica de

la prueba propuesta y admitida, ni para el juicio oral, ni para la sentencia, como debieron serlo antes de la votación de la misma; y que admitido dicho recurso y elevados los autos a esta Superioridad, con citación y emplazamiento de las partes; personadas éstas y subsanado el defecto anotado de la falta de notificación de la sentencia definitiva a los demandados rebeldes Don Francisco y Don Eugenio Prats, como se verificó por edictos publicados en los periódicos de la localidad, se dió a los autos la tramitación marcada por la ley de la Asamblea Legislativa de esta Isla, transformando esta Corte Suprema en Tribunal de Apelación, y señalado día para la vista, con (\*) citación de las partes, se verificó dicho acto con asistencia del abogado defensor de la parte apelada.

Abogado de los apelantes: *Sr. Fernando Vázquez.*

Abogado del apelado: *Sr. Alvarez Nava.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

Aceptando los fundamentos de hecho y de derecho de la sentencia apelada, y

*Considerando:* además, en cuanto a la falta de citación y emplazamiento para este juicio de Doña Ofelia y Doña Amelia López, que los legatarios de parte alícuota del caudal no son parte obligada en los juicios que se promuevan por los acreedores para el pago de las deudas pendientes del finado, puesto que la ley no les atribuye la representación de éste, la que exclusivamente compete a los herederos, sin perjuicio del derecho de dichos legatarios para intervenir en la liquidación del caudal relicto, con cuyo objeto pueden ejercitar la facultad que les concede el artículo 1038 de la Ley de Enjuiciamiento Civil de promover el juicio voluntario de testamentaría.

*Considerando:* en cuanto a las faltas de notificación y citación de los demandados, Don Francisco y D. Eugenio Prats, respecto de los cuales se declaró contestada la demanda en rebeldía y han continuado en este estado, que no habiéndose

pedido oportunamente por los apelantes la subsanación de las faltas cometidas, como pudieron hacerlo en el acto del juicio oral, según lo hicieron para subsanar la falta de citación de los otros legatarios, Doña Ofelia y Doña Amelia López, deben estimarse consentidas, y no pueden prevalerse de ellas los apelantes para pedir la revocación de la sentencia apelada.

*Vistas* las disposiciones legales citadas en dicha sentencia.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, con las costas de esta segunda instancia a los apelantes.(*)

Jueces concurrentes: Sres. Hernández, Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó tribunal en la vista de este caso.